## CIRCUIT COURT OF THE CITY OF RICHMOND

Ralph Sager

v.

Bailey & Childress, Inc., et al.

January 4, 1988

Case No. LL-2104-4

By JUDGE RANDALL G. JOHNSON

This matter is before the court on the demurrers filed by defendants, United Underwriters Agency ("United") and Virginia Property Insurance Association ("Virginia Property"), and on the special pleas to dismiss filed by United. At the conclusion of a hearing held on the demurrers and special pleas on December 1, 1987, the court took those matters under advisement, and at the same time directed plaintiff to file a bill of particulars by December 11, 1987. The bill of particulars has now been filed, and the demurrers and special pleas are ripe for determination. For the reasons which follow, both demurrers and the special please to dismiss are overruled.

The first special plea raised by United seeks dismissal of the motion for judgment because "United Underwriters Agency, *Inc.*" is named as a defendant rather than "United Underwriters Agency," the entity's true name. Section 8.01-6 of the Code of Virginia, however, clearly allows such a misnomer to be corrected by amendment of the pleadings without dismissing the action. *See also, Arminius Chemical Company v. White's Adm'x.*, 112 Va. 250 (1911). In the case at bar, plaintiff had moved to amend his pleadings to correct the misnomer, and such amendment

was allowed by order entered December 3, 1987. Accordingly, dismissal on that ground is inappropriate.

The second special plea of United seeks dismissal of the motion for judgment because it "fails to state a claim against said defendant and is unintelligible and multifarious." Similarly, United's demurrer is based on its contention that the motion for judgment is "insufficient in law and fails to state a cause of action against" United. Because these grounds for dismissal are identical to several of the grounds set forth in Virginia Property's demurrer, they will all be considered together.

Paragraphs 1, 3, 4 and 7 of Virginia Property's demurrer, and the "multifarious" claim of United's second special plea, all seek dismissal of the motion for judgment because plaintiff has joined actions sounding in tort with actions sounding in contract, and has joined separate defendants in one action. Virginia code § 8.01-272 specifically provides, in pertinent part:

> In any civil action, a party may plead as many matters, whether of law or fact, as he shall think necessary. A party may join a claim in tort with one in contract provided that all claims so joined arise out of the same transaction or occurrence. The court, in its discretion, may order a separate trial for any claim.

Further, Rule 1:4(k) of the Rules of the Supreme Court of Virginia states:

> A party asserting either a claim, counterclaim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless

of consistency and whether based on legal or equitable grounds.[1]

The court believes that these provisions are controlling here.

The motion for judgment alleges that plaintiff is the owner of a building located at 2206 West Cary Street, Richmond, Virginia; that defendant Bailey & Childress was retained by plaintiff to manage the building; that Virginia Property issued a policy of insurance on the building; and that United was the agent which procured Virginia Property's policy. The motion for judgment further alleges that the building was vandalized in December, 1986, and that plaintiff was never compensated for the ensuing loss by Virginia Property. Plaintiff seeks to hold each of the defendants liable for the "negligent administration" of his insurance claim, and for each defendant's breach of an implied or express contract. In this regard, it is United's and Virginia Property's position that because each defendant allegedly had a different role to play with regard to the handling of plaintiff's claim, and because plaintiff had a different contract with each defendant, plaintiff's claim cannot arise out of the same transaction or occurrence. United and Virginia Property further contend that the motion for judgment is defective because it is inconsistent. For example, if United did not properly report the claim (paragraph 26 of the motion for judgment), United might be liable but Virginia Property might not be. Conversely, if United did properly report the claim, United might not be liable but Virginia Property might be.[2] These arguments miss the point.

Virginia Code § 8.01-272 and Rule 1:4(k) of the Rules of the Supreme Court of Virginia specifically allow a plaintiff to join in one action different causes of action and different parties defendant as plaintiff has done

---

[1] See also Virginia Code Section 8.01-281 which contains language identical to the first sentence of Rule 1:4(k).

[2] The court, of course, expresses no opinion at this stage of the proceedings on the merits of plaintiff's claims or defendants' defenses.

here. Moreover, contrary to United's and Virginia Property's contention that the existence of different responsibilities of the different defendants and different contracts between those defendants and plaintiff make such joinder inappropriate, the "same transaction or occurrence" language of those provisions does not refer to the differences cited by defendants. Rather, it is the "transaction or occurrence" about which plaintiff complains and for which he seeks relief which must be the same; in this case, the vandalism of his building. It makes no difference that the alleged acts of negligence against each defendant might be different, or that each defendant allegedly breached a different contract. So long as the occurrence giving rise to the suit is the same, the above-cited provisions allow plaintiff to proceed in one action.

Similarly, Virginia Code § 8.01-272 and Rule 1:4(k) also specifically allow a plaintiff to plead inconsistent facts or theories of recovery. Thus, while one theory may exclude the precise liability sought to be imposed by a different theory set out in the same motion for judgment, such pleading is allowed by our rules. *See also, Norfolk Hosiery & Underwear Mills v. Aetna Hosiery Co.*, 124 Va. 221, 234 (1919) ("nothing is more common in practice than contradictory pleas."). For these reasons, the misjoinder and "multifarious" grounds of the special pleas and demurrers cannot be sustained.[3]

Paragraph 2 of Virginia Property's demurrer seeks to have the motion for judgment dismissed because the declarations page of the policy issued by Virginia Property, and of which a copy was attached to the motion for judgment, shows a policy period which ended prior to the act of vandalism giving rise to plaintiff's claim. Paragraph 5 of the motion for judgment, however, specifically alleges that the subject policy "was in effect in December, 1986," when the vandalism occurred. At this point, the court does not know whether plaintiff simply appended a copy of the wrong declarations page to his motion for judgment,

---

[3] The court does not now decide whether separate trials against any or all of the defendants are appropriate. It is assumed that if pre-trial discovery or other circumstances show the need for separate trials, an appropriate motion will be made by the parties. See Virginia Code Section 8.01-272 and 8.01-281.

or whether defendants can show that no policy of insurance existed at the time of the vandalism. In any event, that is a factual issue which cannot be addressed by way of demurrer.

Paragraphs 5, 6, 8 and 9 of Virginia Property's demurrer contend that no facts are set out in the motion for judgment to support plaintiff's various claims. The court does not agree. First, under our system of "notice pleading," a party is not required to set out in his initial pleading detailed facts to support his claim for relief. So long as the motion for judgment "clearly informs the opposite party of the true nature of the claim," it will survive a demurrer. Rule 1:4(d). Here, plaintiff's motion for judgment does that. Moreover, the bill of particulars which has now been filed at the court's direction unmistakably tells the defendants what it is that plaintiff claims each of them did wrong, and why plaintiff feels that each of them is liable for damages to the plaintiff. While the bill of particulars does set out alternative and possibly inconsistent theories of recovery, it can in no way be said that defendants have not been adequately informed about what plaintiff claims. Any further specifics about those claims must be gathered through the usual discovery process.[4]

Paragraph 10 of Virginia Property's demurrer, the demurrer of United, and a portion of United's second special plea, all allege the general ground that the motion for judgment fails to state a claim upon which relief can be granted. The court believes that the motion for judgment and bill of particulars contain facts and allegations which, if proven, will establish liability against some or all of the defendants. See Stonegap Colliery Co. v. Hamilton, 119 Va. 271 (1916). Because at this stage of the proceedings those allegations must be taken as true, the demurrers cannot be sustained.

[4] Paragraphs 6 and 8 of Virginia Property's demurrer also refer to what it contends are the inconsistent factual allegations of the motion for judgment. Those arguments have already been addressed.